STATE of Missouri ex rel. Fred
J. HODGES, Jr., Appellant,

v.

**MAYOR AND BOARD OF ALDERMEN OF THE CITY OF MOLINE ACRES, George Murphy, James C. Moore and Jennifer Erby, Respondents.**

No. ED 83807.

Missouri Court of Appeals,
Eastern District,
Division One.

May 25, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Frank Arthur Conard, Busch & Conard, St. Charles, MO, for appellant.

Donnell Smith, Smith & Associates, L.L.C., St. Louis, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J. and ROBERT G. DOWD, JR. and MARY R. RUSSELL, JJ.

**ORDER**

PER CURIAM.

Fred J. Hodges, Jr. (Hodges) brought a petition for review in the circuit court under the Missouri Administrative Procedure Act, Section 536.140, RSMo 2000, of his impeachment from public office as an alderman for the City of Moline Acres, Missouri (City) by the City Board of Aldermen(Board). The circuit court affirmed the Board's determination to impeach Hodges. Hodges appeals claiming 1) the Board's impeachment violated Section 79.240, RSMo 2000, because there was not the requisite two-thirds vote of all the members elected to the Board in favor of impeachment, 2) the Board failed to consider Hodges's motion to disqualify Alderman Moose and the mayor and to allow voir dire of Alderman Moose and the mayor for bias, 3) the Board's impeachment was not supported by competent and substantial evidence containing "good cause" as required under Section 79.240, RSMo 2000, and 4) the Board acted without authority in that there was no ordinance presented or made part of the record that enabled the Board to proceed with the Articles of Impeachment against Hodges.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).